STATE OF NEW YORK    :
SUPREME COURT    :    COUNTY OF ERIE

---

JEANINE SORTISIO
23 Fairway Drive
Orcahrd Park, NY 14127

               Plaintiff

    vs.

PETER ACCETTA, M.D.
3065 Southwestern Boulevard
Orchard Park, NY  14127

SUSAN M. PETERSON, RPA-C
3065 Southwestern Boulevard
Orchard Park, NY  14127

ASTELLAS PHARMA US, INC.
3 Parkway North
Deerfield, IL  60015

NOVARTIS PHARMACEUTICALS CORPORATION
One Health Plaza
East Hanover, NJ  07936

               Defendants

**SUMMONS**
Served with Complaint
Index #

FILED
02/23/2009/    12:40:33
ERIE COUNTY CLERK
RCPT # 667974
I 2009001945

---

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

- BROWN CHIARI LLP -

- Page 2 -

If this Summons is served upon you within the State of New York by personal service you must respond within **TWENTY (20)** days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York you must respond within **THIRTY (30)** days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

[X]    Plaintiff's residence or place of business;
[  ]    Defendants' residence; or
[  ]    Designation made by Plaintiff.


DATED: Lancaster, New York
      February 18, 2009

David W. Olson, Esq. for
**BROWN CHIARI** LLP
**Attorneys for Plaintiff**
5775 Broadway
Lancaster, New York 14086-2360
(716) 681-7190

STATE OF NEW YORK        :
SUPREME COURT            :        COUNTY OF ERIE

_____

JEANINE A. SORTISIO and STEVEN R. SORTISIO

                Plaintiff

    vs.                               **COMPLAINT**
                                     Index #_____

PETER ACCETTA, M.D.,
SUSAN M. PETERSON, RPA-C,
ASTELLAS PHARMA US, INC., and
NOVARTIS PHARMACEUTICALS CORPORATION

                Defendants

_____

FILED
ACTIONS & PROCEEDINGS

FEB 2 3 2009

ERIE COUNTY
CLERK'S OFFICE

PLAINTIFF, by her attorneys, BROWN CHIARI LLP, for her Complaint in the above-entitled action, states as follows:

1.      That plaintiff, JEANINE SORTISIO, was at all relevant times herein a resident of the State of New York.

2.      That defendant, PETER ACCETTA, M.D., is a physician duly licensed to practice medicine in the State of New York.

3.      That defendant, SUSAN M. PETERSON, RPA-C, is a registered physician's assistant duly licensed to practice medicine in the State of New York.

4.      That defendant, SUSAN M. PETERSON, RPA-C, was at all relevant times herein an agent, servant and/or employee of defendant, PETER ACCETTA, M.D.

5.      That plaintiff, JEANINE SORTISIO, was a patient of defendants, PETER ACCETTA, M.D. and SUSAN PETERSON, RPA-C, at all relevant times herein.

- BROWN CHIARI LLP -

- Page 2 -

6.     That the defendants, PETER ACCETTA, M.D. and SUSAN PETERSON, RPA-C, rendered professional medical services to the plaintiff at all relevant times herein.

7.     That the defendants, PETER ACCETTA, M.D. and SUSAN PETERSON, RPA-C, were negligent in their care and treatment of the plaintiff in that they prescribed the topical drugs known as Elidel and Protopic during the time period of September, 2002 through August, 2007, with knowledge of serious adverse side effects that were unknown to plaintiff.

8.     That as a result of the negligence of the defendants, PETER ACCETTA, M.D. and SUSAN PETERSON, RPA-C JEANINE SORTISIO, the plaintiff sustained serious and permanent injuries, including but not limited to Hodgkins Lymphoma.

9.     That the above claims are for medical malpractice in excess of the jurisdictional limitations of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

10.     That Plaintiff repeats and re-alleges paragraphs 1 through 9 above as though fully set forth herein.

11.     That upon information and belief, defendant, NOVARTIS PHARMACEUTICALS CORPORATION, is a New Jersey corporation duly authorized and conducting business in the State of New York.

12.     That upon information and belief, defendant, ASTELLAS PHARMA US, INC., is an Illinois corporation, duly authorized and conducting business in the State of New York.

13.     That defendants, NOVARTIS PHARMACEUTICALS CORPORATION and ASTELLAS PHARMA US, INC. and/or their agents, servants and/or employees improperly

obtained approval for the drugs known as Elidel and Protopic from the United States Food and

Drug Administration.

14.    That defendants, NOVARTIS PHARMACEUTICALS CORPORATION and

ASTELLAS PHARMA US, INC., and/or their agents, servants and/or employees, knowingly

and negligently engaged in the deceptive design, manufacture, production, advertising,

promotion, and sale of the drugs known as Elidel and Protopic.

15.    That defendants, NOVARTIS PHARMACEUTICALS CORPORATION and

ASTELLAS PHARMA US, INC., and/or their agents, servants and/or employees, manufactured

the drugs known as Elidel and Protopic for public use and consumption and knew and/or should

have known that the drugs would be used without inspection for defects or detection of

inherently dangerous propensities.

16.    That the drugs known as Elidel and Protopic were defective and not reasonably

safe for public use.

17.    That as a result of the negligence of defendants, NOVARTIS

PHARMACEUTICALS CORPORATION and ASTELLAS PHARMA US, INC., the plaintiff

sustained serious and permanent injuries, including but not limited to Hodgkins Lymphoma.

### AS AND FOR A THIRD CAUSE OF ACTION

18.    That Plaintiff repeats and re-alleges paragraphs 1 through 17 above as though

fully set forth herein.

19.    That the aforesaid injuries to the plaintiff were caused by the breach of express

and implied warranties by the defendants, NOVARTIS PHARMACEUTICALS

- BROWN CHIARI LLP -

CORPORATION and ASTELLAS PHARMA US, INC., that the drugs known as Elidel and Protopic were reasonably fit for use by the plaintiff.

20.    That the plaintiff was using the drugs known as Elidel and Protopic for the purpose and in the manner intended, and that by the use of reasonable care, would not have both discovered defendants' breach and/or realized its danger.

21.    That as a result of the breach of warranties by the defendants, NOVARTIS PHARMACEUTICALS CORPORATION and ASTELLAS PHARMA US, INC, plaintiff has sustained serious and permanent injuries, including but not limited to Hodgkins Lymphoma.

## AS AND FOR A FOURTH CAUSE OF ACTION

22.    That Plaintiff repeats and re-alleges paragraphs 1 through 21 above as though fully set forth herein.

23.    The the defendants, NOVARTIS PHARMACEUTICALS CORPORATION and ASTELLAS PHARMA US, INC., designed, manufactured, marketed and sold the drugs known as Elidel and Protopic in a defective condition, and are therefore liable to the plaintiff for the injuries sustained in strict products liability, including the failure to adequately warn concerning the dangers of using the aforesaid drugs.

24.    That the plaintiff was using the drugs known as Elidel and Protopic for the purpose and in the manner intended.

25.    That plaintiff has sustained serious and permanent injuries, including but not limited to Hodgkins Lymphoma.

- Page 5 -

26.     That one or more exceptions to the limited liability provisions of CPLR Article 16 apply herein.

## AS AND FOR A FIFTH CAUSE OF ACTION

27.     That Plaintiff repeats and re-alleges paragraphs 1 through 26 above as though fully set forth herein.

28.     That plaintiff, STEVEN R. SORTISIO, is the husband of plaintiff, JEANINE A. SORTISIO, and has been at all relevant times herein.

29.     That as a result of the injuries sustained by plaintiff, JEANINE A. SORTISIO, plaintiff, STEVEN R. SORTISIO, has suffered and will continue to suffer a loss of support, services, society, consortium and companionship.

WHEREFORE, Plaintiff, JEANINE SORTISIO, does hereby demand judgment against Defendants, PETER ACCETTA, M.D., SUSAN M. PETERSON, RPA-C, NOVARTIS PHARMACEUTICALS CORPORATION, and ASTELLAS PHARMA US, INC., jointly and severally, in an amount to be determined by a jury upon the trial of this action, plus costs and disbursements.

DATED: Lancaster, New York
       February 18, 2009

David W. Olson, Esq. for
BROWN CHIARI LLP
**Attorneys for Plaintiff**
5775 Broadway
Lancaster, New York 14086-2360
(716) 681-7190

- BROWN CHIARI LLP -

STATE OF NEW YORK     :
SUPREME COURT     :     COUNTY OF ERIE

---

JEANINE SORTISIO

                   Plaintiff

    vs.

PETER ACCETTA, M.D.,
SUSAN M. PETERSON, RPA-C,
ASTELLAS PHARMA US, INC.
NOVARTIS PHARMACEUTICALS CORPORATION,

                   Defendants

**CERTIFICATE OF MERIT
IN A MEDICAL
MALPRACTICE ACTION**
Index #

---

STATE OF NEW YORK)
COUNTY OF ERIE)       ss.:

      James E. Brown, Esq., being duly sworn, deposes and says:

      1.       I am an attorney duly licensed to practice law in the State of New York and a

member of the law firm of BROWN CHIARI LLP, 5775 Broadway, Lancaster, New York 14086-

2360, attorneys for the plaintiff in the above matter.

      2.       This Certificate of Merit is made pursuant to the requirements of CPLR §3012-a.

      3.       I have reviewed the facts of the case and have consulted with at least one (1)

physician who is licensed to practice medicine in this state and who I reasonably believe is

knowledgeable in the relevant issues involved in this action.

4.    I have concluded on the basis of such review and consultation there is a

reasonable basis for the commencement of this action.

_____
                                    James E. Brown

Sworn to before me this
18th day of February, 2009.



Beth M. Moore
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 6|8|2010