# ADR PLAN
# WESTERN DISTRICT OF NEW YORK
# Revised: Jan. 1, 2008

## SECTION 1 - INTRODUCTION AND AUTHORITY

### 1.1   TITLE

This is the Plan for Alternative Dispute Resolution in the United States District Court for the Western District of New York (the "ADR Plan").

### 1.2   PURPOSE AND SCOPE

A.  <u>Purpose</u>.  The United States District Court for the Western District of New York (the "Court") adopted the ADR Plan on January 1, 2006 (the "Effective Date"), to make available to civil litigants court-administered ADR interventions and processes designed to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation, without impairing the quality of justice or the right to trial.

B.  <u>Scope</u>.  This ADR Plan applies to civil actions pending or commenced on and after the Effective Date, except as otherwise indicated herein.  The ADR Plan supplements this Court's Local Rules of Civil Procedure, which shall remain in full effect for all cases.

C.  <u>Magistrate Judge Consent Cases</u>.  Consistent with Local Rule of Civil Procedure 72.1, in cases where the parties have consented to jurisdiction by a Magistrate Judge under 28 U.S.C. § 636, the Magistrate Judge shall have the same powers as the District Court Judge originally assigned to the case.

D.  <u>Plan Administration</u>.

   1.  Staffing.  The Court will seek funding for staff to coordinate and implement the ADR Plan.  In the interim, the Court will utilize current staff and seek volunteers to assist in implementation.

   2.  ADR Information and Guidelines.  Information about the ADR Plan, the Court's proposed Local Rule for mediation and guidelines for the conduct of ADR are available at http://www.nywd.uscourts.gov/adr/ and also at the Court Clerk's office.

    3.    All inquiries about the ADR Plan should be directed to:

        Judy S. Hernandez, Staff Attorney
        U.S. District Court
        68 Court Street
        Buffalo, New York 14202

        Telephone:  (716) 332-7826
        Fax:          (716) 332-7825
        e-mail:      Judy_Hernandez@nywd.uscourts.gov

## SECTION 2 - OVERVIEW

2.1   REFERRAL TO ADR

A.   New Cases.  All civil cases filed on and after the Effective Date of the ADR Plan shall be referred automatically for ADR.  Notice of the ADR requirements will be provided to all parties immediately upon the filing of a complaint and answer or a notice of removal.  ADR intervention will be scheduled at the conference held pursuant to Local Rule of Civil Procedure 16.1.  The following categories of actions are exempted from automatic referral:

   1.   Habeas Corpus and extraordinary writs;
   2.   Applications to vacate a sentence;
   3.   Social Security appeals;
   4.   Bankruptcy appeals;
   5.   Cases implicating issues of public policy, exclusively or predominantly;
   6.   IRS summons enforcement actions;
   7.   Government foreclosure actions;
   8.   Civil asset forfeiture actions; and
   9.   Prisoner civil rights actions.

B.   Pending Cases.  The assigned Judge on any pending civil case may, sua sponte or with status conference, issue an order referring the case for ADR.  The order shall specify a date on which the ADR intervention is to be completed.

C.   Stipulation. A case may be referred for ADR by stipulation of all parties.  Stipulations shall be filed and shall designate the specific ADR intervention the parties have selected, the time frame within which the ADR process will be completed and the selected Neutral. Stipulations are presumed acceptable unless the assigned Judge determines that the interests of justice are not served.

2.2   RELIEF FROM ADR REFERRAL

A.   Opting Out Motions.  Any party may file, with the assigned Judge for that case, a motion to opt out of, or for relief from, ADR.

B. <u>Motion</u>.  Opting Out Motions must be made within ten (10) days from (i) the date of the first discovery conference under Local Rule 16.1 in new cases, or (ii) the date of a sua sponte ADR Referral Order in pending cases.

C. <u>Criteria</u>.  Opting Out Motions shall be granted only for "good cause" shown.  Inconvenience, travel costs, attorney fees or other costs shall not constitute "good cause."  A party seeking relief from ADR must set forth the reasons why ADR has no reasonable chance of being productive.

D. <u>Judicial Initiative</u>.  The assigned Judge may, sua sponte, exempt any case from the Court's ADR Plan.

2.3   VIOLATIONS OF THE ADR PLAN

A. <u>Report of Violation</u>.  A Neutral or party may report to the assigned Judge any failure to attend an ADR conference, to substantially comply with the ADR Referral Order, or to otherwise participate in the ADR process in good faith.

B. <u>Proceedings and Sanctions in Response to Report of Violation</u>.  Upon receipt of such a report, the Court may take whatever actions it deems appropriate, including issuing an order to show cause why sanctions should not be imposed.  Show cause hearings shall be conducted on the record, but under seal.  If sanctions are imposed, objections thereto and any other comment thereon shall be filed with the Court within ten (10) days from the date of the notice of sanctions and contemporaneously served on all other counsel, unrepresented parties and the Neutral.

2.4   EVALUATION OF THE ADR PLAN

Congress has mandated that the Courts' ADR programs be evaluated.  Neutrals, counsel and parties shall promptly respond to any request from the Court for an evaluation of the ADR Plan.  Responses will be used for research and monitoring purposes only.  The sources of specific information will not be disclosed to the assigned Judge or in any report.

SECTION 3 - NEUTRALS

3.1   NEUTRALS

A. Neutral Panels. The Court shall maintain panels of Neutrals to serve the various interventions and processes under the ADR Plan. Membership on any panel is a privilege, not a right. The Court shall have the authority to establish qualifications for Neutrals, monitor their performance and withdraw any Neutral from a panel. Applications are available at the Court's website and from the Clerk's offices in Buffalo and Rochester.

B. Private Neutrals. The parties may select a Neutral who is not a member of the Court's panel. Such selections are presumed acceptable unless the assigned Judge determines that the interests of justice are not served.

C. Qualifications and Training. The requirements for panel membership are specific to each intervention and process under the ADR Plan and are set forth in the corresponding sections below.

D. Oath. All persons serving as Neutrals shall take the oath or affirmation prescribed in 28 U.S.C. § 453.

E. Disqualification and Unavailability of Neutrals.

   1. Disqualification. A Neutral may be disqualified for bias or prejudice, pursuant to 28 U.S.C. § 144. A Neutral shall disqualify himself or herself in any case in which a justice, judge or magistrate judge would be disqualified pursuant to 28 U.S.C. § 455, subject to the waiver provision of 42 U.S.C. § 455(e).

   2. Notice of Recusal. A Neutral who discovers a circumstance requiring disqualification shall immediately notify all counsel, unrepresented parties and the Court. A new Neutral shall be selected by agreement of the parties or, in the event the parties are unable to agree, by the Court.

   3. Objections to Selected Neutral. Prior to the issuance of an Order designating a Neutral, the Court will contact the selected Neutral who will review the case for possible conflicts. Following issuance of the Court's Order, a party who believes a disqualifying conflict exists should first confer with the Neutral. If the matter is not resolved by, for example, waiver or recusal, a motion and supporting affidavit shall be filed with the Court, within ten [10] days from the Court's Order, stating the facts and the reasons for the belief that a disqualifying

conflict, bias or prejudice exists. In the event a conflict or other objection does not become apparent until after the ADR process has commenced, a motion for disqualification must be made at the earliest opportunity or the objection is waived.

4. Unavailability. A selected Neutral who later becomes unable to serve within the time period set forth in the Court's Scheduling or Referral Order shall notify all counsel, unrepresented parties and the Court. A new Neutral shall be selected by agreement of the parties or, in the event the parties are unable to agree, by the Court.

## 3.2   IMMUNITIES

All persons serving as Neutrals in the Court's ADR Plan are performing quasi-judicial functions and are entitled to all the immunities and protections that the law accords to the performance of tasks integrally related to the judicial process, including settlement and alternative dispute resolution. See, e.g., Wagshal v. Foster, 28 F.3d 1249 (D.C. Cir. 1994).

## 3.3   COMPENSATION OF NEUTRALS

A Neutral's fees shall be shared equally by all separately represented parties, unless otherwise agreed by the parties or ordered by the Court.

SECTION 4 - APPROVED ADR PLAN INTERVENTIONS

4.1   ADR INTERVENTIONS

A.  Options.  It is expected that cases referred for ADR will proceed to Mediation.  However, the following options are also available upon the stipulation of all parties:

  1. Neutral Evaluation;
  2. Mini Summary Trial;
  3. Arbitration (Binding and Non-Binding);
  4. Case Valuation; and
  5. Settlement Week, when scheduled by the Court.

B.  Timing.  Timing is specific to the intervention and process chosen, as set forth in the corresponding sections below.

C.  Scheduling.  The referral of a case to ADR does not delay or defer other dates established in the Scheduling Order and has no effect on the scheduled progress of the case toward trial.

4.2   SELECTING AN ADR INTERVENTION

A.  New Cases.  Prior to the Local Rule 16.1 scheduling conference, counsel and any unrepresented parties shall confer about ADR as part of their discussion of "the possibilities for a prompt settlement or resolution of the case" pursuant to Fed. R. Civ. P. 26(f).  Unless the parties agree to a different intervention, it is presumed that they will participate in mediation.  The parties shall attempt to agree upon a Neutral and, at the scheduling conference, shall be prepared to report on the outcome of their ADR discussion pursuant to Local Rule 16.1(a)(3)(F).  The initial Scheduling Order shall include a deadline for the completion of ADR.

B.  Pending Cases.  In pending cases, all sua sponte referrals will be to mediation.  Should the parties agree that a different ADR intervention is more appropriate to their case, they may submit a stipulation designating the specific ADR intervention selected, the time frame within which the ADR process will be completed and the identity of the Neutral.  Stipulations must be filed within fifteen (15) days from the date of the ADR Referral Order and are presumed acceptable unless the assigned Judge determines that the interests of justice are not served.

4.3    MULTIPLE ADR INTERVENTIONS

A.    <u>Initial Intervention</u>.  Generally, a first mediation session will be scheduled within seventy-five [75] days after the Local Rule 16.1 conference.  The minimum duration for the first session is two [2] hours, but the parties are encouraged to spend additional time unless the Mediator agrees that additional time would not be productive.

B.    <u>Additional Interventions</u>.  If the initial mediation session is not successful in resolving the case, additional sessions or process will be scheduled as set forth below:

    1.    By the Mediator.  The Mediator will, in consultation with the parties, schedule subsequent sessions as needed to explore and evaluate the possibility of reaching a mutually acceptable resolution.  It is anticipated that the parties will engage in at least two mediation sessions.  Additional sessions must be conducted within the date for completion of ADR set forth in the Court's Scheduling or Referral Order.

    2.    By Stipulation.  If, after the initial mediation session, the parties agree that an intervention other than mediation may be of benefit in resolving the case, they must submit a stipulation consistent with 4.2(B) and the stipulation will be presumed acceptable unless the assigned Judge determines that the interests of justice are not served.

4.4    <u>CONFIDENTIALITY</u>

Each of the interventions and processes under this ADR Plan shall be confidential as set forth in the corresponding sections below.

## SECTION 5 - MEDIATION

### 5.1    DESCRIPTION OF MEDIATION AND ITS PROCESS

Mediation, as defined in proposed Local Rule 16.2-1 and as further detailed herein, is a flexible, non-binding, confidential process in which a qualified Neutral, the Mediator, facilitates resolution of the issues between the parties and assists with settlement discussions. Through various methods and techniques, the Mediator seeks to improve communication between the participants (parties, counsel, experts or whoever is included in the mediation); helps participants articulate their interests; helps participants understand the interests of the other participants, including their "opponent;" probes the strengths and weaknesses of each party's legal positions; and helps generate and define options for a mutually agreeable resolution. The Mediator may engage in "reality checking," but will not give an overall evaluation of the case unless requested by all the parties. The Mediator has no fact-finding or decision-making authority. The central tenet of mediation is that the parties find their own solutions, with the assistance of the Mediator. A hallmark of mediation is its capacity to go beyond traditional settlement discussions and explore creative outcomes responsive to the participants' needs and interests.

### 5.2    QUALIFICATIONS OF MEDIATORS

A.    Who May Qualify

Mediators may be attorneys or non-attorneys, with relevant experience. All Mediators must successfully complete initial and periodic training as required by the Court. All Mediators must have a minimum of twenty (20) certified hours of training in the discipline of ADR. Non-attorneys must also complete a minimum of four (4) hours of training in federal court civil practice and procedure.

To effectively assist ADR participants and the Court, Mediators must:

- Be knowledgeable about civil litigation in federal court
- Have strong mediation process skills and the temperament to listen effectively and facilitate communication between all participants and across "party" lines
- Exhibit strong problem-solving skills and the ability to generate meaningful options to assist parties and other participants with settlement negotiations

<u>5.3</u>   <u>COMPENSATION OF MEDIATORS</u>

A.   Mediators shall receive $150/hour for the first two hours of the initial mediation session. Thereafter, Mediators shall receive no more than their Court-approved hourly rates for time spent in mediation and preparation.

B.   Mediators may require that counsel and/or parties sign an agreement confirming the terms of retention and compensation.

C.   Mediator fees shall be divided equally among all separately represented parties, unless otherwise agreed or ordered by the Court.

D.   A party who has been granted in forma pauperis status is automatically relieved of his or her pro rata share of the Mediator's fee. All other parties shall continue to bear their pro rata portions of the fee.

E.   A party who has not sought in forma pauperis status, but is financially unable to pay all or part of the pro rata share of the Mediator's fee, may move for a waiver of the fee requirement on a form provided by the Court.

F.   All Mediation Panel members must provide pro bono services. The minimum service requirement is one pro bono case or two reduced compensation cases for every four (4) fully-compensated cases for which the Mediator is selected. Additional pro bono service is encouraged.

<u>5.4</u>   <u>SELECTION OF MEDIATOR</u>

A.   <u>Mediator Panel List</u>.  The Court shall maintain a list of trained Mediators. Each Mediator shall provide to the Court information on his or her area(s) of expertise and compensation rates.

B.   <u>Private Mediators</u>.  The parties may select a Mediator other than from the Court's Mediator list. Such selections are presumed acceptable unless the assigned Judge determines that the interests of justice are not served.

C.   <u>Selection</u>.

   1.   Once the parties have stipulated or been referred to mediation, they shall have thirty (30) days from the date of the Local Rule 16.1 conference or ADR Referral Order in which to select a Mediator, confirm the Mediator's availability and file a stipulation regarding their selection. The Clerk shall send a copy of the ADR Scheduling and/or Referral Order to the Mediator.

2. If the parties fail to agree upon a Mediator within the thirty (30) day period, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity.

5.5  SCHEDULING AND LOCATION OF MEDIATION

A. Scheduling. Promptly upon being selected, the Mediator shall conduct a telephone conference, jointly or separately, with counsel and any unrepresented parties, to fix the date and place of the mediation.

B. Timing. Unless otherwise ordered, a first mediation session shall be conducted within seventy-five (75) days of the date of the Local Rule 16.1 conference. In pending cases, mediation shall be conducted in accordance with the ADR Referral Order.

C. Location. The mediation session shall be held in the U.S. Courthouse or the Mediator's office, unless otherwise agreed.

5.6  MEDIATION MEMORANDUM

A. Time for Submission. No later than ten (10) days before the scheduled mediation session, each party shall submit to the Mediator a written "Mediation Memorandum."

B. Prohibition Against Filing. Mediation Memoranda shall not be filed and the assigned Judge shall not have access to them. They shall be subject to the confidentiality of the mediation process and treated as a document prepared "for settlement purposes only."

C. Content of Mediation Memoranda. Mediation Memoranda must not exceed ten (10) double-spaced pages and shall:

1. Identify by name and title or status:

    a. All person(s) with factual knowledge and/or settlement authority, who, in addition to counsel, will attend the mediation as a representative(s) of the party; and

    b. Any other person(s) (including an insurer representative) whose presence might substantially improve the effectiveness of the mediation or the prospects of settlement;

11

2. Concisely describe the parties' claims and defenses, addressing the parties' views of the key liability issues and damages, and discussing the key evidence;

3. State the relief sought in the case and the basis for monetary calculations;

4. Describe the current status of the case, including the status of any motions made;

5. Describe the history and current status of settlement negotiations, including offers and counteroffers; and

6. Provide any other information that might be pertinent to resolution of the case, including possible settlement options and alternatives.

Parties should include, along with the Mediation Memorandum, copies of documents that are likely to make the mediation more productive or materially advance settlement prospects.

5.7   COMMUNICATIONS WITH THE MEDIATOR

After receiving Mediation Memoranda and submissions pursuant to Section 5.6, the Mediator may request additional information from any party or participant. The Mediator, at his or her discretion, may also discuss the case in confidence and ex parte with counsel, parties and/or representatives. The Mediator shall not disclose any confidential communication, including the Mediation Memoranda and submissions, without permission.

5.8   ATTENDANCE AND PARTICIPATION

A.   Parties. All named parties and their counsel are required to attend the mediation session(s) in person unless excused under 5.8(E) below.

1. Corporation or other entity. A party other than a natural person (e.g. a corporation or some other entity or association) satisfies this attendance requirement if represented by one or more persons, other than outside counsel, who have authority to settle and who are knowledgeable about the facts and circumstances of the case and the claims being made.

2. Government entity. A unit or agency of government satisfies this attendance requirement if represented by one or more persons who have, to the greatest extent feasible, authority to settle, and who are

        knowledgeable about the facts of the case, the agency's or unit's position, and the procedures and policies under which the agency or unit decides whether to enter into proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual shall also attend.

B.    <u>Counsel</u>. Each party shall be accompanied at the mediation session by the attorney who will be primarily responsible for handling the trial of the matter and/or is most familiar with the matter at that stage of the proceeding. A party who is proceeding pro se may be accompanied by one non-attorney whom the party relies on for support and/or assistance.

C.    <u>Insurers</u>. Insurer representatives are required to attend in person if their agreement is necessary to achieve a settlement, unless excused under 5.8(E) below.

D.    <u>Other Attendees</u>. The Mediator may require the attendance of any other individual who appears reasonably necessary for the advancement of communication and resolution between the parties.

E.    <u>Request to be Excused</u>. Any person who is required to attend a mediation session may be excused from attending in person only after showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. Not less than ten (10) days before the date set for the mediation, a person seeking to be excused must submit a letter to the Mediator with copies sent to all other counsel and unrepresented parties, which states:

      1.    All considerations that support the request; and

      2.    Whether the other party or parties join in or object to the request.

Any party opposing the request shall submit a written statement of opposition no less than five (5) days prior to the mediation.

The Mediator shall promptly make a determination as to the necessity of the person's attendance and may require personal participation, permit participation by telephone, or excuse the person's presence altogether. The Mediator's decision shall be final.

F.    <u>Participation by Telephone</u>. A person excused from appearing in person at a mediation session shall be available by telephone or otherwise be available as the Mediator may direct.

G.  <u>Good Faith Participation in the Process</u>.  All parties and counsel shall participate in mediation in good faith.  Failure to do so shall be sanctionable by the Court.

5.9  THE MEDIATION SESSION

A.  The first mediation session shall be a minimum of two (2) hours.  The parties may, and are encouraged to, extend the length of the session.

B.  The mediation session shall be conducted in accordance with the process described in detail by the Mediator during the opening of the mediation.  The process may include, as appropriate and necessary, the following:

- Mediator "opening statement" and introduction to the process and session
- An opportunity to present each party's positions, claims and concerns
- Joint sessions with all parties participating
- Various "caucus" sessions in which the Mediator meets with one or more parties and/or their counsel, as the Mediator deems appropriate

C.  The Mediator shall have discretion to structure the mediation so as to maximize the benefits of the process.

D.  Any communications to the Mediator during a "caucus" shall not be disclosed by the Mediator to any other party without permission.

E.  The mediation session shall be informal, and conducted with civility.

5.10  CONFIDENTIALITY IN MEDIATION

A.  <u>Confidential Treatment</u>.  Mediation is confidential and private.  No participant in the mediation process or any portion thereof may communicate confidential information acquired during mediation without the consent of the disclosing party.  There shall be no stenographic or electronic recording, e.g., audio or visual, of the mediation process.

   1.  All written and oral communications made in connection with or during the mediation session, any positions taken and any views of the merits of the case formed by any participant, including parties, counsel and the Mediator, are privileged and confidential.

14

2. There shall be no communication between the assigned Judge or designated Magistrate Judge and the Mediator regarding a case referred for mediation.

3. No communication made in connection with or during any mediation session may be disclosed or used for any purpose including impeachment in any pending or future proceeding in the Court.

4. The confidentiality of information disclosed during mediation does not prohibit or limit:

   (a) the Court from collecting information relative to evaluation of the ADR program;

   (b) the Mediator from reporting a failure to participate in the ADR process in good faith, except that the Mediator shall not disclose the content of confidential communications;

   [c] the Mediator from filing "Mediation Certification" forms pursuant to 5.11;

   [d] a party from seeking to enforce a settlement agreement;

   [e] a party from disclosing the final resolution and settlement reached unless, in the interest of justice, the parties have agreed to the confidentiality of same; or

   [f] a participant from making such disclosures as are required by law.

## 5.11   CONTINUED MEDIATION AND REPORTS

A. At the close of the initial mediation session, the Mediator and the parties shall jointly determine whether it would be appropriate and helpful to then schedule additional mediation. Follow-up could include, without limitation, written reports, telephonic discussions, negotiations between the parties with the Mediator available for assistance, or further mediation sessions.

B. Within ten [10] days after the close of each mediation session, and on the form "Mediation Certification" provided by the Court, the Mediator shall report to the Court the date the session was held, whether the case settled in whole or in part and whether any follow up is scheduled. The Mediation Certification shall be filed.

## ACKNOWLEDGMENTS

The Court acknowledges and thanks its committee members, who devoted countless hours to the development of this Plan over two and one-half years, and the Federal Judicial Center for the ADR consultation, resources and statistics it provided. In developing this Plan, the Court and its committee reviewed numerous federal and state court ADR programs nationwide and incorporated a multitude of recommendations and comments proffered by various members of local and federal bar associations and their select committees. Additionally, the Court extensively researched and studied the ethical implications for its program mediators. In doing so, the Court was particularly impressed with the comprehensiveness and reasonableness of the various principles enunciated and addressed in the proposed conflict of interest rules for arbitrators, mediators and other third-party neutrals currently under consideration for adoption in the State of New York and the CPR-Georgetown Commission on Ethics and Standards in ADR's "Proposed Model Rule of Professional Conduct for the Lawyer as Third Party Neutral."

In addition, the Court acknowledges the mediators, the litigants, and their counsel, who have prepared for and fully participated in ADR from the Plan's inception. Their thoughtful and open-minded engagement in the process has ensured the Plan's success.